IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>TRAVIS FORD,<br><br>Defendant. | 4:22CR3067<br><br>PLEA AGREEMENT<br><br>47 U.S.C. § 223(a)(1)(C) – Threatening<br>Use of a Telecommunications Device |

## PLEA AGREEMENT

The United States of America, by and through the undersigned attorneys for the United States Attorney's Office for the District of Nebraska and the Public Integrity Section, Criminal Division, United States Department of Justice (collectively, the "United States"), and Travis Ford (hereinafter the "defendant") and Jason E. Troia, counsel for the defendant, enter into the following Plea Agreement:

### Charges and Statutory Penalties

1. The defendant agrees to plead guilty to Count One of the Information in violation of 47 U.S.C. § 223(a)(1)(C).

2. The defendant understands that Count One has the following essential elements, each of which the United States would be required to prove beyond a reasonable doubt at trial:

    a. First, the defendant utilized a telecommunications device to send a threatening communication in interstate or foreign communications;

    b. Second, the defendant did not disclose his identity;

c.     Third, the defendant sent the communication with intent to threaten any specific person, that is with the purpose of issuing a true threat or with knowledge that the communication would be viewed as a true threat; and

d.     Fourth, the communication is one that a reasonable recipient would have interpreted as a true threat.

3.     The defendant understands that pursuant to 47 U.S.C. § 223(a)(1)(C), Count One carries a maximum sentence of two years of imprisonment, a fine of $250,000, a $100 special assessment, and a one-year term of supervised release, an order of restitution, and an obligation to pay any applicable interest or penalties on fines or restitution not timely made.

4.     If the Court accepts the defendant's plea of guilty and the defendant fulfills each of the terms and conditions of this Plea Agreement, the United States agrees that it will not further prosecute the defendant for any crimes described in the attached factual basis or for any conduct of the defendant now known to the United States Attorney's Office for the District of Nebraska and the Public Integrity Section and to the law enforcement agents working with the United States Attorney's Office for the District of Nebraska and the Public Integrity Section on the present investigation.  This agreement does not provide any limitation of liability arising out of any acts of violence.

**Factual Stipulations**

5.     The defendant agrees that the attached "Factual Basis for Plea" fairly and accurately describes the defendant's actions and involvement in the offense to which the defendant is pleading guilty.  The defendant knowingly, voluntarily, and truthfully admits the facts set forth in the Factual Basis for Plea.

**Sentencing**

6.      The defendant is aware that the sentence will be imposed by the Court after considering the United States Sentencing Guidelines and related Policy Statements (hereinafter "U.S.S.G." or "Sentencing Guidelines"). The defendant acknowledges and understands that the Court will compute an advisory sentence under the Sentencing Guidelines and that the applicable guidelines will be determined by the Court relying in part on the results of a Pre-Sentence Investigation conducted by the Court's Probation Office, which will commence after the guilty plea has been entered. The defendant is also aware that, under certain circumstances, the Court may depart from the advisory sentencing guideline range that it has computed, and may raise that advisory sentence up to and including the statutory maximum sentence, or lower that advisory sentence. The defendant is further aware and understands that the Court is required to consider the advisory guideline range determined under the Sentencing Guidelines but is not bound to impose that sentence, that the Court is permitted to tailor the ultimate sentence in light of other statutory concerns, and that such ultimate sentence may be either more severe or less severe than the Sentencing Guidelines' advisory sentence. Knowing these facts, the defendant understands and acknowledges that the Court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offense identified in paragraph 1 and that the defendant may not withdraw the plea solely as a result of the sentence imposed.

7.      The United States reserves the right to inform the Court and the Probation Office of all facts pertinent to the sentencing process, including all relevant information concerning the offense committed, whether charged or not, as well as concerning the defendant and the defendant's background. Subject only to the express terms of any agreed-upon sentencing

recommendations contained in this Plea Agreement, the United States further reserves the right to make any recommendation as to the quality and quantity of punishment.

8.     The defendant is aware that any estimate of the probable sentence or the probable sentencing range relating to the defendant pursuant to the advisory Sentencing Guidelines that the defendant may have received from any source is only a prediction and not a promise, and is not binding on the United States, the Probation Office, or the Court, except as expressly provided in this Plea Agreement.

**Sentencing Guidelines Stipulations**

9.     The defendant understands that the sentence in this case will be determined by the Court, pursuant to the factors set forth in 18 U.S.C. § 3553(a), including a consideration of the Sentencing Guidelines as set forth in the Guidelines Manual for 2021. Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), and to assist the Court in determining the appropriate sentence, the United States proposes that the following United States Sentencing Guidelines apply:

a.     Offense Level under the Guidelines

| SENTENCING GUIDELINES CALCULATIONS<br>COUNT ONE<br>47 U.S.C. § 223(a)(1)(C) | |
| --- | --- |
| **Threatening Use of Telecommunications Device:** | |
| Base Offense Level (U.S.S.G. § 2A6.1(a)(1)) | 12 |
| More Than Two Threats (U.S.S.G. § 2A6.1(b)(2)(A)) | +2 |
| Public Official Victim (U.S.S.G. § 3A1.2(b)) | +6 |
| **Adjusted Offense Level** | 20 |

b.     Acceptance of Responsibility

Provided that the defendant clearly demonstrates acceptance of responsibility, to the satisfaction of the United States, through the defendant's allocution and subsequent conduct prior

to the imposition of sentence, the United States agrees that a 2-level reduction would be appropriate, pursuant to U.S.S.G § 3E1.1(a).

The United States, however, may oppose any adjustment for acceptance of responsibility if the defendant:

    i.     fails to admit a complete factual basis for the plea at the time the defendant is sentenced or at any other time;

    ii.    challenges the adequacy or sufficiency of the United States's offer of proof at any time after the plea is entered;

    iii.   denies involvement in the offense;

    iv.   gives conflicting statements about that involvement or is untruthful with the Court, the United States or the Probation Office;

    v.    fails to give complete and accurate information about the defendant's financial status to the Probation Office;

    vi.   obstructs or attempts to obstruct justice, prior to sentencing;

    vii.   has engaged in conduct prior to signing this Plea Agreement which reasonably could be viewed as obstruction or an attempt to obstruct justice, and has failed to fully disclose such conduct to the United States prior to signing this Plea Agreement;

    viii.  fails to appear in court as required;

    ix.   after signing this Plea Agreement, engages in additional criminal conduct; or

    x.    attempts to withdraw the plea of guilty.

If the defendant has accepted responsibility as described above, and the defendant's offense level is sixteen (16) or greater, the United States agrees that an additional 1-level reduction would be appropriate, pursuant to § 3E1.1(b) of the Sentencing Guidelines, because the defendant has assisted authorities by providing timely notice of the defendant's intention to enter a plea of guilty, thereby permitting the United States to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

In accordance with the above, the applicable Guidelines Offense Level is **17**.

        c.      <u>Criminal History Category</u>

Based upon the information now available to the United States (including representations by the defense), the defendant's criminal history consists of zero points. In accordance with the above, therefore, the defendant's Criminal History Category is I.

**Court Not Bound by the Plea Agreement**

10.     It is understood that pursuant to Federal Rules of Criminal Procedure 11(c)(1)(B) and 11(c)(3)(B), the Court is not bound by the above stipulations, either as to questions of fact or as to the parties' determination of the applicable Guidelines range, or other sentencing issues. In the event that the Court considers any Guidelines adjustments, departures, or calculations different from any stipulations contained in this Plea Agreement, or contemplates a sentence outside the Guidelines range based upon the general sentencing factors listed in 18 U.S.C. § 3553(a), the parties reserve the right to answer any related inquiries from the Court.

**Trial Rights**

11.     The defendant understands and agrees that by pleading guilty in this case the defendant agrees to waive certain rights, including the following:

a.     the right to plead not guilty and to persist in that plea;

b.     the right to a jury trial;

c.     the right to be represented by counsel—and if necessary to have the court appoint counsel—at trial and at every other stage of the proceeding;

d.     the right at trial to confront and cross-examine adverse witnesses, and to be protected from compelled self-incrimination, to testify and present evidence, and to compel the attendance of witnesses; and

e.     the right to any further discovery or disclosures of information not already provided at the time of the entry of the guilty plea, other than information required to be disclosed under Federal Rule of Criminal Procedure 32(i)(2) and exculpatory or impeachment information casting doubt upon sentencing factors.

**Venue**

12.     The defendant waives any challenge to venue in the District of Nebraska.

**Appeal, FOIA, and Privacy Act Waiver**

13.     The defendant is aware that the defendant has the right to challenge the defendant's sentence and guilty plea on direct appeal. The defendant is also aware that the defendant may, in some circumstances, be able to argue that the defendant's guilty plea should be set aside, or sentence set aside or reduced, in a collateral challenge (such as pursuant to a motion under 28 U.S.C. § 2255). Knowing that, and in exchange for the promises made by the government in entering this Plea Agreement, the defendant voluntarily and expressly waives all rights to appeal or collaterally attack the defendant's conviction, sentence, or any other matter relating to this prosecution, including any claim that the statute to which the defendant pled is unconstitutional

and/or that the conduct admitted as part of the factual basis does not fall within the scope of the statute, whether such a right to appeal or collateral attack arises under 18 U.S.C. § 3742, 28 U.S.C. § 1291, 28 U.S.C. § 2255, or any other provision of law. The defendant also hereby waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act, 5 U.S.C. § 552a.

     a.    Notwithstanding the waiver provision above, if the government appeals from the sentence, then the defendant may file a direct appeal of the defendant's sentence.

     b.    If the government does not appeal, then notwithstanding the waiver provision set forth in this paragraph, the defendant may file a direct appeal or petition for collateral relief but may raise only a claim, if otherwise permitted by law in such a proceeding:

     i.    that the defendant's sentence on any count of conviction exceeds the statutory maximum for that count as set forth above;

     ii.    challenging a decision by the sentencing judge to impose an "upward departure" pursuant to the Sentencing Guidelines;

     iii.    challenging a decision by the sentencing judge to impose an "upward variance," pursuant to 18 U.S.C. § 3553(a), above the final Sentencing Guidelines range determined by the Court; and

     iv.    that an attorney who represented the defendant during the course of this criminal case provided constitutionally ineffective assistance of counsel.

If the defendant does appeal or seek collateral relief pursuant to this subparagraph, no issue may be presented by the defendant in such a proceeding other than those described in this subparagraph.

14.     By signing this Plea Agreement, the defendant acknowledges that the defendant has discussed the appeal waiver set forth in paragraph 13 of this Plea Agreement with the defendant's attorney. The defendant further agrees, together with the United States, to request that the Court enter a specific finding that the waiver of the defendant's right to appeal the sentence to be imposed in this case was knowing and voluntary.

15.     The defendant's waiver of rights in paragraph 13 shall not apply to appeals or challenges based on new legal principles in the United States Court of Appeals for the Eighth Circuit or the United States Supreme Court cases decided after the date of this Plea Agreement that are held by the United States Court of Appeals for the Eighth Circuit or the United States Supreme Court to have retroactive effect.

**Restitution**

16.     In addition to the other penalties provided by law, the Court must also order the defendant to make restitution pursuant to 18 U.S.C. § 3663A. The defendant understands that restitution must be ordered by the Court to all victims of the defendant's criminal conduct and not merely for those victims included in the counts to which the defendant agrees to plead guilty.

**Release/Detention**

17.     The defendant acknowledges that while the United States will not seek a change in the defendant's release conditions pending sentencing, the final decision regarding the defendant's bond status or detention will be made by the Court at the time of the defendant's plea of guilty.

Should the defendant engage in further criminal conduct or violate any conditions of release prior to sentencing, however, the United States may move to change the defendant's conditions of release or move to revoke the defendant's release.

## Breach of Agreement

18.     The defendant understands and agrees that if, after entering this Plea Agreement, the defendant fails specifically to perform or to fulfill completely each and every one of the defendant's obligations under this Plea Agreement, or engages in any criminal activity prior to sentencing, the defendant will have breached this Plea Agreement.  In the event of such a breach: (a) the United States will be free from its obligations under the Plea Agreement; (b) the defendant will not have the right to withdraw the guilty plea; (c) the defendant shall be fully subject to criminal prosecution for any other crimes, including perjury and obstruction of justice; and (d) the United States will be free to use against the defendant, directly and indirectly, in any criminal or civil proceeding, all statements made by the defendant and any of the information or materials provided by the defendant, including such statements, information, and materials provided pursuant to this Plea Agreement or during the course of any debriefings conducted in anticipation of, or after entry of this Plea Agreement, including the defendant's statements made during proceedings before the Court pursuant to Rule 11 of the Federal Rules of Criminal Procedure.

19.     The defendant understands that Rule 11(f) of the Federal Rules of Criminal Procedure and Rule 410 of the Federal Rules of Evidence ordinarily limit the admissibility of statements made by a defendant in the course of plea discussions or plea proceedings if a guilty plea is later withdrawn.  The defendant knowingly and voluntarily waives the rights arising under these rules.

20.     The defendant understands and agrees that the United States shall only be required to prove a breach of this Plea Agreement by a preponderance of the evidence. The defendant further understands and agrees that the United States need only prove a violation of federal, state, or local criminal law by probable cause in order to establish a breach of this Plea Agreement.

21.     Nothing in this Plea Agreement shall be construed to permit the defendant to commit perjury, to make false statements or declarations, to obstruct justice, or to protect the defendant from prosecution for any crimes not included within this Plea Agreement or committed by the defendant after the execution of this Plea Agreement. The defendant understands and agrees that the United States reserves the right to prosecute the defendant for any such offenses. The defendant further understands that any perjury, false statements or declarations, or obstruction of justice relating to the defendant's obligations under this Plea Agreement shall constitute a breach of this Agreement. In the event of such a breach, however, the defendant will not be permitted to withdraw this guilty plea.

**Waiver of Statute of Limitations**

22.     It is further agreed that should any conviction following the defendant's plea of guilty pursuant to this Plea Agreement be vacated for any reason, then any prosecution that is not time-barred by the applicable statute of limitations on the date of the signing of this Plea Agreement (including any counts that the United States has agreed not to prosecute or to dismiss at sentencing pursuant to this Plea Agreement) may be commenced or reinstated against the defendant, notwithstanding the expiration of the statute of limitations between the signing of this Plea Agreement and the commencement or reinstatement of such prosecution. It is the defendant's

intent in entering this Plea Agreement to waive all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date that this Plea Agreement is signed.

**Waiver of Discovery**

23. The defendant waives the right to any further discovery from the United States either now or at any future time, including at sentencing. The defendant understands that by waiving discovery in this case, this includes any right he may have to any further discovery about the United States's witnesses or case, under Rule 16 (discovery and inspection) and Rule 26.2 (witness statements) of the Federal Rules of Criminal Procedure, and pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963), *Giglio v. United States*, 405 U.S. 150 (1972), or their progeny.

**Complete Agreement**

24. No agreements, promises, understandings, or representations have been made by the parties or their counsel—either orally, in writing, or by any other means—other than those contained in writing herein, nor will any such agreements, promises, understandings, or representations be made unless committed to writing and signed by the defendant, defense counsel, and a prosecutor for the United States Attorney's Office for the District of Nebraska and the Public Integrity Section.

25. The defendant further understands that this Plea Agreement is binding only upon the United States Attorney's Office for the District of Nebraska and the Public Integrity Section. This Plea Agreement does not bind any other office or component of the United States Department of Justice, including other United States Attorneys' Offices, nor does it bind any state or local authorities. It also does not bar or compromise any civil, tax, or administrative claim pending or that may be made against the defendant.

26.    By signing the Plea Agreement in the space indicated below and returning the original once it has also been signed by counsel for the defendant, the defendant acknowledges that the terms and conditions of this Plea Agreement are satisfactory.

Dated:    June 10, 2022

STEVEN A. RUSSELL
Acting United States Attorney
District of Nebraska

By: Tessie L. Smith
Assistant United States Attorney

COREY R. AMUNDSON
Chief, Public Integrity Section
United States Department of Justice

By: Jonathan E. Jacobson
Trial Attorney

14
## DEFENDANT'S ACCEPTANCE

I have read this Plea Agreement in its entirety and discussed it with my attorney. I hereby acknowledge that it fully sets forth my agreement with the United States. I further state that no additional promises or representations have been made to me by any official of the United States in connection with this matter. I understand the crime to which I have agreed to plead guilty, the maximum penalty for that offense, and the Sentencing Guideline penalties potentially applicable to it. I am satisfied with the legal representation provided to me by my attorney. We have had sufficient time to meet and discuss my case. We have discussed the charges against me, possible defenses I might have, the terms of this Plea Agreement and whether I should go to trial. I am entering into this Plea Agreement freely, voluntarily, and knowingly because I am guilty of the offense to which I am pleading guilty, and I believe this Plea Agreement is in my best interest.

Date: 6/10/22

Travis Ford
Defendant

## 15
## <u>ATTORNEY'S ACKNOWLEDGMENT</u>

I have read each of the pages constituting this Plea Agreement, reviewed them with my client, and discussed the provisions of the Plea Agreement with my client, fully. These pages accurately and completely set forth the entire Plea Agreement. I concur in my client's desire to plead guilty as set forth in this Plea Agreement.

Date: 6/10/2022

_____
Jason E. Troia
For the Defendant

**STIPULATION OF FACTS**

In conjunction with the submission of the accompanying Plea Agreement in this case, Defendant Travis Ford ("Defendant") admits that he is guilty as charged in the Information. Defendant admits the following:

1.     In the period following the November 2020 election, Defendant came to believe that Public Official 1—an elections official in the state of Colorado—had mismanaged the 2020 election.

2.     On or about August 10, 2021, Defendant—using one of multiple Instagram accounts he controls, with the user name "d_h_mazer"—made the following comment on a photo that had been posted on Instagram by Public Official 1: "Do you feel safe? You shouldn't. Do you think Soros will/can protect you?"

3.     On or about August 20, 2021, Defendant—again using the "d_h_mazer" account—made a second comment on the aforementioned photo that had been posted by Public Official 1: "Your security detail is far too thin and incompetent to protect you. This world is unpredictable these days....anything can happen to anyone. 👻 "

4.     Public Official 1 expressed fear after viewing these two comments and provided them to law enforcement.

5.     Between on or about September 15, 2021, and October 31, 2021, Defendant also made multiple threats over Instagram to the President of the United States and to Public Figure 1.

6.     On or about February 15, 2022, Defendant was interviewed by law enforcement and admitted that his threatening Instagram posts were "far far far beyond free speech" and "far past the line." Defendant made the Instagram posts described herein with the purpose of issuing a

true threat.

7.       Defendant made these Instagram posts utilizing a telecommunications device and the posts transited in interstate commerce.

8.       Defendant intentionally concealed his identity when making these posts.

9.       Defendant acknowledges that a reasonable recipient would have interpreted these Instagram posts as true threats.