IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

UNITED STATES OF AMERICA,

                      Plaintiff,

vs.

TRAVIS FORD,

                      Defendant.

4:22-CR-3067

TENTATIVE FINDINGS

The Court has received the revised modified presentence investigation report in this case. There are no objections to the presentence report. The defendant has filed a motion for downward departures and variance from the guidelines sentencing range. Filing 19.

IT IS ORDERED:

1.   The Court will consult and follow the Federal Sentencing Guidelines to the extent permitted and required by *United States v. Booker*, 543 U.S. 220 (2005) and subsequent cases. In this regard, the Court gives notice that, unless otherwise ordered, it will:

   (a)   give the advisory Guidelines respectful consideration within the context of each individual case and will filter the Guidelines' advice through the 18 U.S.C. § 3553(a) factors, but will not afford the Guidelines any particular or "substantial" weight;

   (b)   resolve all factual disputes relevant to sentencing by the greater weight of the evidence and without the aid of a jury;

(c)    impose upon the United States the burden of proof on all Guidelines enhancements;

(d)    impose upon the defendant the burden of proof on all Guidelines mitigators;

(e)    depart from the advisory Guidelines, if appropriate, using pre-*Booker* departure theory; and

(f)    in cases where a departure using pre-*Booker* departure theory is not warranted, deviate or vary from the Guidelines when there is a principled reason justifying a sentence different than that called for by application of the advisory Guidelines, again without affording the Guidelines any particular or "substantial" weight.

2.    There are no objections that require resolution at sentencing. The defendant has filed a motion for downward departures and variance from the guidelines sentencing range. Filing 19.

(a)    The defendant's first stated basis for departure is his employment record: the defendant argues that until he was fired as a result of his offense conduct, he maintained steady employment. Filing 20 at 7. But the defendant's reliance on U.S.S.G. § 5H1.5 is misplaced, because it provides that "[e]mployment record is ordinarily *not* relevant in determining whether a departure is warranted. (Emphasis supplied.) There is nothing extraordinary about steady employment. *See United States v. Weise*, 128 F.3d 672, 674-75 (8th Cir. 1997). And the defendant bears the burden of proving the appropriateness of a downward departure. *United States v. Cantu*, 12 F.3d 1506, 1511 (9th Cir. 1993). The Court may consider this

factor in support of a variance, but the Court's tentative finding is that the facts in this case provide no basis for a § 5H1.5 departure.

(b)    Next, the defendant suggests that departure is warranted pursuant to U.S.S.G. § 5K2.12, which provides that "[i]f the defendant committed the offense because of serious coercion, blackmail or duress, under circumstances not amounting to a complete defense, the court may depart downward."

> The extent of the decrease ordinarily should depend on the reasonableness of the defendant's actions, on the proportionality of the defendant's actions to the seriousness of coercion, blackmail, or duress involved, and on the extent to which the conduct would have been less harmful under the circumstances as the defendant believed them to be. Ordinarily coercion will be sufficiently serious to warrant departure only when it involves a threat of physical injury, substantial damage to property or similar injury resulting from the unlawful action of a third party or from a natural emergency.

*Id*. Absent these specific serious threats, coercion is a discouraged basis for departure and must be present in some unusual or exceptional way to warrant departure from the Guidelines range. *United States v. King*, 280 F.3d 886, 890 (8th Cir. 2002). The defendant's argument, as the Court understands it, is that his fear of potentially mandatory COVID-19 vaccination, and exposure to

content "fed" to him by social media algorithms, pressured him into acting as he did. *See* filing 20 at 1-5, 7-9.

The Court is skeptical of this argument. Even if a fear of vaccination could be construed as a "threat of physical injury . . . resulting from the unlawful action of a third party" within the meaning of § 5K2.12, the Court notes that the defendant's choice of victims, and the substance of his threats, are not entirely consistent with the theory that he was motivated solely (or even primarily) by fear of vaccination. But—remaining mindful of the fact that it's the defendant's burden to prove the basis for a downward departure, *see Cantu*, 12 F.3d at 1511—the Court will make a final determination at sentencing.

(c)   Next, the defendant argues for an "aberrant behavior" departure pursuant to U.S.S.G. § 5K2.20, which provides that "departure may be warranted in an exceptional case if . . . the defendant committed a single criminal occurrence or single criminal transaction that (1) was committed without significant planning; (2) was of limited duration; and (3) represents a marked deviation by the defendant from an otherwise law-abiding life." Filing 20 at 7. In making this determination, "the court may consider the defendant's (A) mental and emotional conditions; (B) employment record; (C) record of prior good works; (D) motivation for committing the offense; and (E) efforts to mitigate the effects of the offense." *Id.*, cmt. n.3.

The Court is again skeptical. To qualify for this departure, "[t]he offense must have been more than something out of the

defendant's character; it must have been a spontaneous and thoughtless act." *United States v. Bueno*, 443 F.3d 1017, 1023 (8th Cir. 2006); *see United States v. Weise*, 89 F.3d 502, 507 (8th Cir. 1996). And repetitious behavior does not meet the requirements. *See* § 5K2.20, cmt. n.2. Here, the offense and relevant conduct described in the presentence report—to which the defendant has not objected—involves at least 18 separate threatening statements referring to at least six different public figures. Even the bare allegations of the charge involve two different threats 11 days apart. A single Instagram message might, under some circumstances, be spontaneous and thoughtless, but these were not. *Cf. Weise*, 89 F.3d at 507. Accordingly, the Court's tentative finding is that § 5K2.20 does not apply on these facts.

(d)   Finally, the defendant moves for a downward variance based on his personal circumstances and the circumstances of the offense. Filing 20 at 8-13. The Court will resolve that motion at sentencing.

3.   Except to the extent, if any, that the Court has sustained an objection, granted a motion, or reserved an issue for later resolution in the preceding section, the parties are notified that the Court's tentative findings are that the presentence report is correct in all respects.

4.   If any party wishes to challenge these tentative findings, that party shall, as soon as possible (but in any event no later than three (3) business days before sentencing) file with the Court and serve upon opposing counsel an objection challenging these tentative findings, supported by a brief as to the law and such evidentiary materials as are required, giving due regard to the local rules of practice governing the

submission of evidentiary materials. If an evidentiary hearing is requested, such filings should include a statement describing why a hearing is necessary and how long such a hearing would take.

5.    Absent timely submission of the information required by the preceding paragraph, the Court's tentative findings may become final and the presentence report may be relied upon by the Court without more.

6.    Unless otherwise ordered, any objection challenging these tentative findings shall be resolved at sentencing.

Dated this 6th day of September, 2022.

BY THE COURT:

John M. Gerrard
United States District Judge